UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HIPOLITO FRAUSTO, | |
|     Plaintiff, | 3:11-cv-0791-LRH-VPC |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | ORDER |
|     Defendants. | |

Before the court is plaintiff Hipolito Frausto's ("Frausto") motion to remand. Doc. #25.[1] Defendants filed oppositions to the motion (Doc. ##26, 34) to which Frausto replied (Doc. #36).

## I.  Facts and Procedural History

In September, 2006, Frausto refinanced real property through a mortgage note and deed of trust originated by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Eventually, Frausto defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Frausto filed a complaint in state court against defendants alleging three causes of action: (1) fraudulent foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, Frausto filed the present motion to remand. Doc. #25.

---

[1] Refers to the court's docket entry number.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.    Discussion

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity between the parties because non-diverse defendant United Title of Nevada, Inc. ("United") is a fraudulently joined defendant whose Nevada citizenship cannot be used to defeat the exercise of diversity jurisdiction.

A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*,

811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In his complaint, Frausto's only allegation against United is that it was the original trustee on the deed of trust. However, United was substituted out as the trustee prior to Frausto's default and Frausto has failed to allege that United took any action in furthering the allegedly wrongful foreclosure on the underlying property. Based on the allegations in the complaint, the court finds that non-diverse defendant United is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #25) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE