UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HIPOLITO FRAUSTO,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; et al.,

    Defendants.

3:11-cv-0791-LRH-VPC

ORDER

Before the court are defendant LSI Title Agency, Inc.'s ("LSI") motion to dismiss (Doc. #5[1]); defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss (Doc. #7) to which defendants National Default Servicing Corporation ("NDSC") and CitiBank, N.A. ("CitiBank") joined (Doc. ##22, 38); and defendant United Title of Nevada, Inc.'s ("United Title") motion to dismiss (Doc. #11). Plaintiff Hipolito Frausto ("Frausto") filed oppositions to the motions (Doc. ##17, 19) to which defendants replied (Doc. ##21, 29, 31).

**I.  Facts and Procedural History**

In September, 2006, Frausto refinanced real property through a mortgage note and deed of trust originated by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Eventually, Frausto defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

---

[1] Refers to the court's docket entry number.

Subsequently, Frausto filed a complaint in state court against defendants alleging three causes of action: (1) fraudulent foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #1, Exhibit A. Thereafter, defendants filed the present motions to dismiss. Doc. ##5, 7, 11.

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

1 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
2 (internal quotation marks omitted). The court discounts these allegations because "they do nothing
3 more than state a legal conclusion—even if that conclusion is cast in the form of a factual
4 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
5 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
6 plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.     Discussion**

   **A. Wrongful Foreclosure**

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Frausto was in default on his mortgage obligations so there can be no sustainable action for wrongful foreclosure.

Further, violations of NRS 107.080 do not provide for a private right of action for tort damages. *See Berilo v. HSBC Mort. Corp., USA*, 2010 WL 2667218, *3 (D Nev. 2010). Rather, NRS 107.080 allows for a court to void a trustee sale if the entity conducting the sale did not substantially comply with the statute. *Id*.

To rescind a trustee's sale pursuant to NRS 107.080, a plainitff must bring an appropriate action within ninety (90) days. NRS 107.080(5). Here, the trustee's sale took place on January 18, 2011. Frausto did not file the present action until September 30, 2011, over five months after the ninety day deadline terminated. Therefore, Frausto has no basis to void the trustee's sale and the court shall grant defendants' motions accordingly.

   **B.  Declaratory and Injunctive Relief**

Claims for declaratory and injunctive relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev.

2007). Here, Frausto fails to allege any claims against defendants that warrant relief. Thus, he is not entitled to declaratory or injunctive relief.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##5, 7, 11) are GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 21st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4